FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 1 5 2011

JAMES N HATTEN, Clerk
By: [signature] Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOES 1-8, <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1 11-CV-0458 <br><br> FILED UNDER SEAL |

### PLAINTIFFS' EMERGENCY MOTION TO EXPEDITE DISCOVERY AND REQUEST TO PRESERVE EVIDENCE

Pursuant to Federal Rules of Civil Procedure 26 and 30, and other applicable law, Plaintiffs Gregory D. Evans (Mr. Evans), LIGATT Security International, Inc. ("LIGATT Security"), and Spoofem.com USA Inc. ("Spoofem") (collectively "Plaintiffs"), hereby move the Court for:

(a) leave to take limited discovery prior to the opening of the discovery period in this case; and

(b) an order requiring Defendants to take all necessary steps to preserve evidence relevant to this case.

The purpose for this request is to accurately identify all of the John Doe Defendants in this action, and to obtain information necessary to prevent further unlawful acts by Defendants. In support of its Motion, Plaintiff shows the Court as follows:

1.

On February 15, 2011, Plaintiffs brought this action against *John Doe* Defendants pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.*, the Georgia Computer Systems Protection Act, O.C.G.A. § 16-9-90, et. seq., and other laws to recover legal and equitable relief for Defendants' unlawful conduct constituting, among other things, tortuous interference with contractual relations, business relations, and potential business relations, trespass to chattels and misappropriation of Plaintiff's trade secrets. Plaintiffs seek temporary, preliminary, and permanent injunctive relief, as well as compensatory damages, punitive damages, costs, and reasonable attorneys' fees and any and all appropriate additional relief.

2.

In addition to the Verified Complaint, Plaintiffs filed a Motion for Temporary, Preliminary and Permanent Injunction, supporting declarations, and an accompanying Memorandum of Law.

3.

Evidence submitted by Plaintiffs show that Defendants have, among other things (more fully detailed in the Verified Complaint), accessed one or more computers on Plaintiffs' private business network by means of hacking, including Plaintiffs' internal Service Management Server and their web server. After hacking into Plaintiffs' network, one or more of the Defendants downloaded, copied or otherwise acquired confidential, proprietary, and commercially sensitive from the Service Management Server, including at least passwords and pass codes to various virtual and physical company locations that housed additional confidential information. Defendants further downloaded, copied or otherwise acquired the company's web files stored on Plaintiffs' web server and subsequently deleted those files from their location on Plaintiffs' web server.

4.

Additional evidence has shown that, on or about February 2, 2011, one or more of the Defendants accessed Plaintiffs' email accounts by means of hacking, and downloaded, copied or otherwise acquired in excess of 80,000 company emails, attachments included, stored in my company email accounts. The emails contained in my accounts dated back at least 5 years and contained countless

attachments and communications discussing and disclosing proprietary, confidential, commercially sensitive and private information.

5.

Moreover, Plaintiffs have submitted evidence showing that, as a direct result of Defendants' unlawful actions, Plaintiffs' websites were unavailable from the time of the hacking on February 2, 2011 until on or about February 8, 2011, which caused and continue to cause Plaintiff Spoofem significant damages.

6.

Therefore, evidence related to: (a) the identity of all Defendants; (b) the full extent of Defendants' unlawful actions; and (c) the resulting damages to Plaintiffs is highly relevant and needed on an immediate basis to prevent further unlawful conduct and damages to Plaintiffs.

7.

This Court has wide discretion to control the discovery process in this case. As such, Plaintiffs respectfully seek leave to conduct discovery on an expedited basis due to the nature of the claims and the time-sensitive issues presented in this case. Specifically, Plaintiffs ask for an order that: (a) requires the Defendants to respond to written discovery requests within ten (10) days of service thereof, and (b) requires the Defendants or their corporate representatives to make themselves

available for deposition at a mutually convenient time within five (5) days after they have served responses to Plaintiffs first sets of written discovery.

8.

Without leave to take discovery on an expedited basis, Plaintiffs cannot determine the identities of all Defendants, nor can they adequately remedy the significant harm caused by Defendants. Plaintiffs have suffered and will continue to suffer irreparable damages.

9.

Furthermore, in order to ensure that all relevant evidence is preserved, particularly including evidence that exists in electronic form on various computers in the Defendants' possession, Plaintiffs respectfully move this Court to enter an order requiring each of the Defendants, and all of their agents, upon their identification, to take all necessary steps to preserve any and all evidence pertaining to this matter. As part of this order, the Defendants should be ordered to ensure that all processes that may cause the automatic destruction or elimination of computer data are suspended immediately. Defendants should be required to preserve all computers files, computers hard drives, and external electronic storage devises (including but not limited to computer disks, CDs, and other USB storage devices) in their possession, custody or control, and to avoid taking any steps that

would lead to the removal of any information or files on computer storage systems and computer storage devices within their possession, custody or control.

10.

The requests made herein are not being sought for any purpose contrary to the Federal Rules of Civil Procedure or the Local Rules of this Court.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court grant its Emergency Motion to Expedite Discovery and Request to Preserve Evidence. For the convenience of the Court, a proposed order is attached.

Respectfully submitted, this 15th of February, 2011.

_____
D. TENNELL LOCKETT
Georgia Bar No. 455547

TOWNSEND LOCKETT & MILFORT, LLC
1401 Peachtree Street
Atlanta, Georgia 30309
Telephone:(404) 870-8501
Fax: (404) 870-8502

Attorneys for Plaintiffs

## LR 7.1.D., NDGa CERTIFICATION

The undersigned counsel for Plaintiffs state and certify that the foregoing has been prepared with one of the font and point selections approved by the court in LR 5.1B.

_____
D. TENNELL LOCKETT
Georgia Bar No. 455547

TOWNSEND LOCKETT & MILFORT, LLC
1401 Peachtree Street
Atlanta, Georgia 30309
Telephone:(404) 870-8501
Fax: (404) 870-8502

Attorneys for Plaintiffs Gregory D. Evans, LIGATT Security International, Inc. and Spoofem.com USA Inc.