IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., <br><br>                 Plaintiffs, <br><br> v. <br><br> JOHN DOES 1-8, <br><br>                 Defendants. | 1:11-cv-0458-WSD <br><br> **FILED UNDER SEAL** |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order and Plaintiffs' Emergency Motion to Expedite Discovery and Request to Preserve Evidence. A hearing on the Motion for a Temporary Restraining Order was held on February 28, 2011.

**I.     BACKGROUND**

Plaintiff Gregory D. Evans ("Evans"), a resident of Georgia, is the Chief Executive Officer of LIGATT Security International, Inc. ("Ligatt") and Spoofem.com USA INC., ("Spoofem"). Ligatt and Spoofem are involved in the business of computer security and cyber-crime investigation. Ligatt and Spoofem

are California corporations and share the same principal place of business in Georgia.

On or about February 2, 2011, Plaintiffs allege that John Doe 1[1] unlawfully hacked into Plaintiffs' private business network and Evan's company email account. Plaintiffs allege that John Doe 1 downloaded thousands of company

---

[1] The John Doe defendants in this case are alleged to have engaged in conduct using fictitious names and identities to disguise their identity.  The Complaint alleges that:
- John Doe 1 is the person or entity that accessed Plaintiffs' private business network on February 2, 2011, including their Service Management Server, and transferred Confidential Information from it to www.pastebin.com. John Doe 1, on February 2, 2011, also accessed and modified Ligatt's Twitter account and issued "tweets" from the account.
- John Doe 2 is an individual that owns and operates one or more websites using the domain names ligattleaks.com, ligattleaks.net, ligattleaks.org, and ligattleaks.blogs.ru, uses the "ligattleaks" Twitter account, and uses or controls the "ligattleaks@hushmail.com" email address.
- John Doe 3 is an individual that owns and operates www.pastebin.com and uses or controls the "pastebin@gmail.com" email address.
- John Doe 4 is an individual who that owns and operates one or more user account at www.pastebin.com.
- John Doe 6 is an individual that uses the "lucky225" Twitter account.
- John Doe 7 is an individual that owns and operates the website "www.thetechhearld.com" and uses or maintains a physical address located at 320 N. Parker Avenue, Indianapolis, IN 46201.
- John Doe 8 is an individual who accessed and downloaded Confidential Information from www.pastebin.com.

Plaintiffs are no longer seeking preliminary injunctive relief against John Doe 5, who owns and operates www.attrition.org and uses the "attritionorg" Twitter account.  John Does 1-4 and 6-8 are hereby referred to as the "John Doe Defendants."

documents, records, and personal emails (collectively "Confidential Information").[2] Also on February 2, 2011, Plaintiffs allege that John Doe 1 unlawfully hacked into Ligatt's company Twitter account and changed the account's username and password. After assuming control of the account, John Doe 1 posted several "tweets" impersonating Evans. In one of these tweets, John Doe 1 allegedly posted a hyperlink to Pastebin.com, a third party website that allows users to upload files for public viewing. John Doe 1 allegedly uploaded all of the Confidential Information to www.pastebin.com ("Pastebin.com") and stored it in password-protected files. John Doe 1 subsequently disclosed those passwords to an unknown distribution list and encouraged members of the distribution list to access the Pastebin.com website.

Plaintiffs allege that John Does 2-8 were members of John Doe 1's distribution list and that John Does 2-8 used the passwords John Doe 1 provided to download Confidential Information from Pastebin.com. Plaintiffs also allege that some of the Defendants then posted some portion of the Confidential Information on other, third-party websites. Specifically, the Complaint alleges that John Doe 2, the owner and operator of Pastebin.com, posted some of the Confidential

---

[2] Plaintiffs allege that the Confidential Information includes a list of Plaintiffs' customers and suppliers, Plaintiffs' proprietary source code, bank account numbers, internal documents, privileged communications with attorneys, and other proprietary and personal information.

Information on a series of websites using the domain names www.ligattleaks.com, www.ligattleaks.net, www.ligattleaks.org, and www.ligattleaks.blogs.ru (collectively the "Ligattleaks pages").  The Complaint also alleges that John Doe 5 posted some of the Confidential Information on www.attrition.com and that John Doe 6 posted some of the confidential information on www.twitter.com ("Twitter").  Finally, the Complaint alleges that John Doe 7 disclosed some of the Confidential Information through a news article posted on www.thetechhearld.com.  Plaintiffs allege that a significant portion of the Confidential Information, including information that would be most damaging to them and their business, has not been made available to the general public and may currently be available only to the Defendants.

On February 15, 2011, Plaintiffs filed their Complaint against John Does 1-8.  In Count I of the Complaint, Plaintiffs allege that John Doe 1 violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. seq., by unlawfully accessing Plaintiffs' servers and downloading confidential information.  Plaintiffs allege in Counts 2-11 that John Does 1-8 violated several state law claims by accessing and posting the confidential information on the internet.

Plaintiffs move for a Temporary Restraining Order generally requiring the John Doe Defendants to delete all of the Confidential Information in their

possession and to cease further distribution of the Confidential Information. Plaintiffs also ask the Court to require that the domain name registrars[3] of the Ligattleaks pages, Pastebin.com, and thetechhearld.com ("Registrars") take steps to maintain certain records to use to determine the identities of the defendants. Plaintiffs request the Court to order the owner and operator of Twitter to preserve and maintain records to use to determine the identities of the defendants.[4]

## II.   DISCUSSION

To be eligible for a temporary restraining order or preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a movant must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Such an order "is an extraordinary and drastic remedy not to be granted until the movant clearly carries the burden of persuasion as to the four

---

[3] A "registrar" is a commercial organization that assigns internet domain names to those customers seeking to start new websites.

[4] The Registrars and Twitter are third parties and are not named as defendants in this action.

prerequisites. The burden of persuasion in all of the four requirements is at all times upon the [movant]." <u>Ne Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.</u>, 896 F.2d 1283, 1284 (11th Cir. 1990) (quotations omitted). Every injunction or TRO order must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail - and not by referring to the complaint or other document - the act or acts restrained or required." Fed. R. Civ. P. 65 (d)(1).

    A.    <u>The John Doe Defendants</u>

The Court determines that Plaintiffs have established that a TRO should be entered requiring John Doe 1 to discontinue all transmission, posting, and allowing access to the Confidential Information and to take action to prohibit the Confidential Information from being accessed by any other person or entity. Specifically, the Court finds that Plaintiffs have alleged sufficient evidence to show that they are likely to prevail on their claim that John Doe 1 violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et. The threatened harm substantially outweighs any potential harm John Doe 1 will suffer if he is enjoined from further distributing the Confidential Information. Weighing the equities, temporary injunctive relief is in the public interest.

The Court also determines that temporary injunctive relief is required to be granted against John Does 2-4 and 6-8.[5]  The Complaint alleges that these John Doe Defendants accessed the Confidential Information believing it was wrongfully acquired by John Doe 1, and republished portions of it using various internet devices.  The Court further determines that the publication of the Confidential Information by these Defendants is alleged to be have been for the purpose of damaging the Plaintiffs in Georgia and, accordingly, the Court preliminary concludes it may, under these circumstances assert personal jurisdiction over these John Doe Defendants.[6]  See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1346 (11th Cir. 2008) ("In general, the courts tend to allow personal jurisdiction when the injury to the plaintiff has been manifested in the forum, and when fairness is not compromised thereby.")  The threatened harm to Plaintiffs

---

[5] The Court has supplemental jurisdiction over the claims asserted against John Does 2-4 and 6-8.  28 U.S.C. § 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[6] The Court acknowledges one or more of John Does 2-4 and 6-8 may seek to challenge personal jurisdiction over them depending on the particular conduct in which they engaged.  The Court will allow any such John Doe defendant to make a limited appearance to contest the Court's jurisdiction over them.

also substantially outweighs any potential harm John Does 2-4 and 6-8 would suffer if they are enjoined from further distributing the Confidential Information. Weighing the equities, preliminary injunctive relief is in the public interest.

B.  The Registrars and Twitter

While neither the Registrars nor Twitter are parties to this action, the Court believes that an injunction against them is necessary to affect its judgment. The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Despite the Acts' express language referring to the "aid of . . . jurisdictions," the Eleventh Circuit has held that the All Writs Act "empowers federal courts to issue injunctions to protect or effectuate their judgments." Burr & Forman v. Blair, 470 F.3d 1019, 1026 (11th Cir. 2006). The All Writs Act also allows a district court to issue an injunction against third parties. United States v. New York Telephone, Co., 434 U.S. 159, 174 (1977) ("The power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order on the proper administration of justice.").

The Court determines it is appropriate to enter limited injunction relief enjoining the Registrars and Twitter to prohibit the Defendants from taking any action to make the Confidential Information unavailable or to take further action to avoid detection.  The Court concludes that the limited injunctive relief ordered will not impose a burden on the Registrars and Twitter and is necessary and appropriate to preserve and maintain all files and other records that may assist the Plaintiffs in determining the identities of the Defendants.  The Court acknowledges that the Registrars and Twitter are not parties to this action and were not given notice of the February 28, 2011, hearing.  Under these circumstances, the Court has scheduled a telephone hearing for 10:00 a.m. EST on Friday, March 4, 2011, for the Registrars and Twitter to object to the injunctive relief entered, or to provide information to the Court that may be helpful in relieving or lessening any burden this Order may impose on them.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** Plaintiffs' Motion for a Temporary Restraining Order is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that:

The John Doe Defendants shall preserve all Confidential Information in their possession or to which they have access, shall discontinue all transmission, posting, and allowing access to the Confidential Information, and shall prohibit the Confidential Information from being accessed by any other person or entity. This Order specifically restrains John Doe 1 from allowing any person or entity to access any Confidential Information posted by John Doe 1 to www.pastebin.com and John Doe 1 is ordered to change the password and other information required to access the Confidential Information posted to www.pastebin.com so that no person or entity may access it pending the preliminary injunction hearing in this matter.

**IT IS HEREBY FURTHER ORDERED** that

The domain name registrars (the "Registrars") listed below are enjoined from (i) transferring, amending, altering, or assigning the below listed domain names, and (ii) transferring the accounts associated with the following domain name registrations to another registrar. The Registrars shall take prompt steps to preserve, maintain, and keep from destruction any and all files, logs, sheets, records, or any such other items of information that may reasonably identify or

assist in identifying the account owner(s) of the domain name or the operator(s) of the website hosted using the domain name.

| **Domain Name** | **Registrar** |
|---|---|
| Ligattleaks.com | 1&1 Internet, Inc. 701 Lee Road, Suite 300 ATTN: ligattleaks,com Chesterbrook, P A 19087 |
| Ligattleaks.org | 1&1 Internet, Inc. 701 Lee Road, Suite 300 ATTN: ligattleaks,com Chesterbrook, P A 19087 |
| Ligattleaks.net | 1&1 Internet, Inc. 701 Lee Road, Suite 300 ATTN: ligattleaks,com Chesterbrook, P A 19087 |
| Pastebin.com | GoDaddy.Com, Inc. 14455 N Hayden Suite 226, Scottsdale, AZ 85260, US |
| TheTechHerald.com | Wild West Domains, Inc. 14455 North Hayden Rd Suite 219, Scottsdale, Arizona 85260 |

**IT IS HEREBY FURTHER ORDERED** that:

The company that owns and operates the website located at www.twitter.com ("Twitter") shall preserve and maintain any and all files, logs, sheets, records, or any such other items of information that identifies the owner(s) or operator(s) of the Twitter accounts associated with the following names: "ligattleaks," "attritionorg" and "lucky225."

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs shall advise the Registrars and Twitter, on or before 10:00 a.m. on March 3, 2011, that the Court has scheduled a hearing for March 4, 2011, at 10:00 a.m. EST at Courtroom 1705, Richard B. Russell Building, 75 Spring Street, Atlanta, Georgia, 30303 for the Registrars and Twitter to appear to object to the limited preliminary relief set out in this Order or to provide to the Court their response or input, if any, regarding this Temporary Restraining Order, its impact on the Registrars or Twitter.  The Registrars and Twitter may participate in this hearing by telephone.  If the Registrars and Twitter elect to participate in the hearing, they should contact, by 5:00 p.m. EST March 3, 2011, Jessica Birnbaum, the Court's Courtroom Deputy Clerk, by telephone at (404) 215-1484 or by e-mail at jessica_birnbaum@gand.uscourts.gov.

**IT IS HEREBY FURTHER ORDERED** that a hearing on Plaintiffs' Motion for Preliminary Injunction shall be held on March 10, 2011, at 10:00 a.m.

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Motion for Expedited Discovery is **GRANTED**.  Defendant John Does are ordered to respond to Plaintiffs' written discovery requests within ten (10) days of service thereof.  Defendants or, if an entity, their corporate representatives are further ordered to make themselves available for depositions on mutually convenient dates within

five (5) business days after service of their responses to Plaintiffs' first sets of written discovery.

**SO ORDERED** this 1st day of March, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE