IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOES 1-8, <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:11-cv-00458-WSD |

**PLAINTIFFS' REVISED MOTION TO
AMEND THE COURT'S EXPEDITED DISCOVERY ORDER**

Pursuant to Federal Rules of Civil Procedure 26 and 30, and other applicable law, Plaintiffs Gregory D. Evans (Mr. Evans), LIGATT Security International, Inc. ("LIGATT Security"), and Spoofem.com USA Inc. ("Spoofem") (collectively "Plaintiffs"), hereby move the Court for leave to take limited third-party discovery prior to the opening of the discovery period in this case.

The purpose for this request is to accurately identify all of the John Doe Defendants in this action, and to obtain information necessary to prevent further

1

unlawful acts by Defendants.  In support of this Motion, Plaintiffs show the Court as follows:

On February 28, 2011, a hearing was held before this Court on Plaintiffs' Motion for a Temporary Restraining Order and Plaintiffs' Emergency Motion to Expedite Discovery and Request to Preserve Evidence.  The Court issued a written order on both motions on March 1, 2011.

As part of Plaintiffs' Motion for Temporary Restraining Order, Plaintiffs sought to have this Court order certain non/third parties to provide information to Plaintiffs that would identify or assist in identifying the John Doe Defendants.  The Court's March 1, 2011 Order did not include such an order.  As such, Plaintiffs now request that this Court slightly broaden its expedited discovery order so that Plaintiffs may seek limited discovery from third parties — namely Twitter, Inc., 1&1 Internet Inc., GoDaddy.com, Inc., and Wildwest Domains Inc. or any other additional third-party that is reasonably calculated to lead to the discovery of information concerning the identity of the John Does in this action (the "Third Parties") — to attempt to identify the John Does in this action.

Courts have adopted a good cause or reasonableness standard for granting expedited discovery.  *See Dell Inc. v. Belguimdomains, LLC, et. al.*, No. Civ. 07-22674, 2007 WL 6862341 at *6 (S.D. Fla. Nov. 21, 2007); *Ayyash v. Bank Al-*

*Madina,* 223 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting ex parte expedited discovery from third parties where plaintiff showed good cause). This Court has determined that such good cause exists inasmuch as it has already ordered expedited discovery in this matter.

As set forth in Plaintiffs' Emergency Motion for Expedited Discovery, identifying the true identity of the John Doe Defendants in this matter is of utmost importance to Plaintiffs and expedited discovery is warranted in this matter. For some of the Defendants, if not all, identifying the true identities of the John Does may be extremely difficult, if not impossible, without Plaintiffs taking third-party discovery. Good cause for such discovery is evident in Ninth Circuit's observation that "where the identity of the alleged defendant is not know prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants . . ." *Wakefield v. Thompson*, 177 F. 3d 1160, 1163 (9th Cir. 1999). Moreover, the request made herein is not being sought for any purpose contrary to the Federal Rules of Civil Procedure or the Local Rules of this Court. Indeed, "[b]ecause a district court may order early discovery in a case, *see* Fed. R. Civ. P. 26(d), and a non-party may be served with a subpoena, *see* Fed.R.Civ.P.45, a plaintiff can possibly discover the identity of an unknown Defendant through early discovery." *Quintero v. John Doe*, No. 2:08-CV-00571

JMS-BMK, 2009 WL 5218050 at *1 (E.D. Cal 2009) (granting early discovery); Fed. R. Civ. P. 26(d); Fed. R. Civ. P. 45.

Accordingly, Plaintiffs request that this Court grant Plaintiffs limited expedited discovery to take limited discovery of the Third Parties consistent with this Motion. For at least the reasons contained in Plaintiffs' Emergency Motion to Expedite Discovery and those contained herein, such relief is necessary and proper.

Respectfully submitted this 3rd of March, 2011.

        s/ Job J. Milfort
        D. TENNELL LOCKETT
        Georgia Bar No. 455547
        tennell.lockett@townsendlockett.com

        JOB J. MILFORT
        Georgia Bar No. 515915
        job.milfort@townsendlockett.com

        TOWNSEND LOCKETT & MILFORT, LLC
        1401 Peachtree Street
        Atlanta, Georgia 30309
        Telephone:(404) 870-8501
        Fax: (404) 870-8502

        Attorneys for Plaintiffs

## **LR 7.1.D., NDGa CERTIFICATION**

The undersigned counsel for Plaintiffs state and certify that the foregoing has been prepared with one of the font and point selections approved by the court in LR 5.1B.

/s/ Job J. Milfort
Job J. Milfort, Esq.
Georgia Bar No. 515915

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOES 1-8, <br><br> Defendants. | § § § § § § § § § § § § § § CIVIL ACTION NO.  1:11-cv-00458-WSD |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing PLAINTIFFS' REVISED MOTION to AMEND THE COURT'S EXPEDITED DISCOVERY ORDER was served upon John Doe Defendants at the following electronic mail and physical addresses using email and U.S. Mail:

ligattleaks@hushmail.com
security@thetechherald.com
pastebin@gmail.com

F. Beau Howard
Chamberlain, Hrdlicka, White, Williams & Martin, P.C.
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, GA 30303

This 3rd of March, 2011.

        s/ Job Milfort
        JOB MILFORT

        TOWNSEND LOCKETT & MILFORT, LLC
        1401 Peachtree Street
        Atlanta, Georgia 30309
        Telephone:(404) 870-8501
        Fax: (404) 870-8502

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOES 1-8, <br><br> Defendants. | CIVIL ACTION NO. 1:11-cv-00458-WSD |

## ORDER

This matter is before the Court on Plaintiff's Revised Motion to Amend the Court's Expedite Discovery Order. Having reviewed Plaintiffs' Motion, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that, for good cause shown, the Motion is **GRANTED**.

Plaintiffs are permitted to take limited third-party discovery regarding the identities of the John Does contained in Plaintiffs' Complaint in this matter. Specifically, Plaintiffs are permitted to take such third/non party discovery against Twitter, Inc., 1&1 Internet Inc., GoDaddy.com, Inc., and Wildwest Domains Inc.,

or any other additional third-party that is reasonably calculated to lead to the discovery of information concerning the identity of the John Does in this action (the "Third Parties").

Any Third Party that receives a document subpoena under this Order, is ordered to respond to Plaintiffs' written discovery requests within ten (10) days of service thereof.

**SO ORDERED** this _____ day of _____, 2011.

_____
HON. WILLIAM S. DUFFEY, JR.
JUDGE, UNITED STATES DISTRICT COURT