# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOES 1-8, <br><br> Defendants. | CIVIL ACTION NO. 1:11-cv-00458-WSD |

## PLAINTIFFS' RESPONSE TO THE COURT'S MAY 23, 2011 SHOW CAUSE ORDER

COMES NOW Plaintiffs Gregory D. Evans (Mr. Evans), LIGATT Security International, Inc. ("LIGATT Security"), and Spoofem.com USA Inc. ("Spoofem") (collectively "Plaintiffs"), and hereby responds to the Court's May 23, 2011 Order to Show Cause as follows.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs initiated this action on February 15, 2011. In their Complaint, Plaintiffs assert various causes of action against numerous John Doe Defendants for, *inter alia*, illegally hacking into Plaintiffs' systems and networks and for

improper use and disclosure of Plaintiffs' proprietary, confidential and trade secret information.  On March 1, 2011, this Court granted Plaintiff's motion for a temporary restraining order and further granted Plaintiff's motion to serve certain expedited discovery on the John Doe defendants.  On March 7, 2011, this Court granted Plaintiff's motion to seek certain third-party discovery to uncover the true identities of the John Doe defendants named in this matter.  On March 10, 2011, this Court held a hearing on Plaintiff's motion for preliminary injunction and ultimately granted Plaintiff's motion and converted the March 1st temporary restraining order to a preliminary injunction order and further set a permanent injunction hearing for May 23, 2011.

Since the Court has granted Plaintiffs' injunction and expedited discovery motions, Plaintiffs have been diligent in pursuing their case.  Plaintiffs have issued subpoenas on and taken considerable written discovery from a number of third-parties — including GoDaddy.com, WildWest Domains, 1&1 Internet Inc., Twitter.com —  and obtained substantial written discovery from a number of the John Does themselves.  As a result of Plaintiffs' efforts, Plaintiffs have been able to successfully resolve the matter with at least two of the John Does and are currently in discussions with a third.  Likewise, Plaintiffs are on the verge of

confirming the identity of three other John Does and believe that at least two of those will result in acceptable arrangements to resolve the matter in the near future.

Plaintiffs have coupled their written discovery efforts with technical investigative efforts to assist in uncovering the identity of the John Doe Defendants.  Plaintiffs have used their own internal technical experts and third-party investigative resources to obtain evidence through the use of computer forensics and other methods.[1]  Both written discovery, primarily follow-up, and technical investigative efforts remain ongoing and central to this matter.

## DISCUSSION

In yesterday's May 23, 2011 Order (the "Order"), this Court requested that Plaintiffs show cause why the preliminary injunction in this matter should not be dissolved for failure to prosecute this case pursuant to Northern District of Georgia Local Rule 41.3(A)(2).  In the Order, the Court noted Plaintiffs' absence from yesterday's hearing.  To speak plainly, Plaintiffs simply mis-calendared the date for the permanent injunction hearing when that hearing was scheduled several months ago.  Plaintiffs' very regrettable absence and error were purely inadvertent

---

[1] Plaintiffs experienced an internal business issue in April that caused them to momentarily divert most of their resources to another matter, but that issue has since been resolved and Plaintiffs' investigative efforts have resumed.

and were not intended by Plaintiffs as a waiver of any sort, nor should it be considered to be a reflection of Plaintiffs' interest in or diligence in prosecuting this matter.  As is evidenced by the afore-described progress in this matter, Plaintiffs have been diligent in pursing this matter and have been able to resolve many, but not all, of the issues that necessitated bringing this action.  Specifically, Plaintiffs have: 1) identified the true identities of many of the Defendants; 2) either resolved the matter or are in the process of resolving the matter with the Defendants that they have identified; 3) unearthed important details about the scope and nature of the attack against them; 4) engaged one or more third-party investigative agencies to assist in the technical investigation; and 5) made considerable progress in identifying the John Doe defendants that are currently unknown.

    Plaintiffs recognize and appreciate the value of the Court's time and acknowledge that the responsibility of adhering to the Court's calendar ultimately lies at Plaintiffs' feet.  Plaintiffs note, however, that they have heretofore been diligent in prosecuting this matter and this inadvertent scheduling error is the first, and will certainly be the last, of this nature in this matter.   Likewise, Plaintiffs note that Defendants have suffered no resulting prejudice in this matter.  On the other hand, if the preliminary injunction in this matter were to dissolve, Plaintiffs would

suffer considerable prejudice as they will likely lose the progress they have made and continue to make in this case. As this Court is aware, it was not until the preliminary injunction was entered in this case that the John Does discontinued using, disclosing and disseminating Plaintiffs' confidential and proprietary information. As of today's date, none of the equities supporting the issuance of the preliminary injunction have changed.

As is obvious, entry of a permanent injunction is not ripe in this matter at this point. Given the unique and cutting edge issues surrounding this case, however, it is critically important that Plaintiffs be permitted the opportunity to continue their diligent discovery efforts while the status quo is maintained. Consequently, Plaintiffs respectfully request that the injunction ***not*** be dissolved in this matter for failure to prosecute and that they be permitted to continue pursing discovery in this matter with the preliminary injunction in place. Plaintiffs appreciate the time and consideration of this matter and will make themselves available to appear before the Court on this issue at the Court's convenience and choosing.

Respectfully submitted this 24th of May, 2011.

        s/ D. Tennell Lockett
D. TENNELL LOCKETT
Georgia Bar No. 455547
tennell.lockett@townsendlockett.com

JOB J. MILFORT
Georgia Bar No. 515915
job.milfort@townsendlockett.com

TOWNSEND LOCKETT & MILFORT, LLC
1401 Peachtree Street
Atlanta, Georgia 30309
Telephone:(404) 870-8501
Fax: (404) 870-8502

Attorneys for Plaintiffs

## **LR 7.1.D., NDGa CERTIFICATION**

The undersigned counsel for Plaintiffs state and certify that the foregoing has been prepared with one of the font and point selections approved by the court in LR 5.1B.

>/s/ Tennell Lockett
>D. Tennell Lockett, Esq.
>Georgia Bar No. 455547

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., § § § § § § **Plaintiffs,** § § vs. § § JOHN DOES 1-8, § § **Defendants.** § | CIVIL ACTION NO. 1:11-cv-00458-WSD |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing *Plaintiffs' Response to the Court's May 23, 2011 Show Cause Order* was served upon John Doe Defendants at the following electronic mail addresses:

ligattleaks@hushmail.com
security@thetechherald.com
pastebin@gmail.com

This 24th of May, 2011.

                                          s/ Tennell Lockett
                                          D. Tennell Lockett

                                          TOWNSEND LOCKETT & MILFORT, LLC
                                          1401 Peachtree Street
                                          Atlanta, Georgia 30309
                                          Telephone:(404) 870-8501
                                          Fax: (404) 870-8502