# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC., | § § § § § § § § § § § § | CIVIL ACTION NO. 1:11-cv-00458-WSD |
| Plaintiffs, | | |
| vs. | | |
| JOHN DOES 1-8, | | |
| Defendants. | | |

## PLAINTIFFS' RESPONSE TO THE
## COURT'S JULY 19, 2011 SHOW CAUSE ORDER

COMES NOW Plaintiffs Gregory D. Evans (Mr. Evans), LIGATT Security International, Inc. ("LIGATT Security"), and Spoofem.com USA Inc. ("Spoofem") (collectively "Plaintiffs"), and hereby respond to the Court's July 19, 2011 Order to Show Cause as follows.

Plaintiffs initiated this action (the "Action") on February 15, 2011 against numerous John Doe Defendants for, *inter alia*, illegally hacking (the "Hacking") into Plaintiffs' systems and networks and for improper use and disclosure of Plaintiffs' proprietary, confidential and trade secret information. Plaintiffs were

1

forced to initiate the Action as a "John Doe" proceeding because the identity of the Defendants was then unknown to Plaintiffs, with many of the Defendants operating under one or more online aliases or taking other measures to obscure their identities. On March 1, 2011, this Court granted Plaintiffs' motion for expedited discovery, permitting Plaintiffs to take certain discovery to identify the Defendants.[1] On July 19, 2011, the Court entered a Show Cause Order, requesting that Plaintiffs show cause why the Action should not be dismissed for failure to effectuate service of process.

As detailed in Plaintiffs' May 23, 2011(docket #20) submission to the Court, Plaintiffs have diligently pursued discovery in this matter and have identified virtually all of the John Does specifically set forth in their Complaint. Of those Defendants that have been identified, Plaintiffs have been able to amicably resolve the matter directly with those Defendants. Because each of those Defendants have, one after the other, voluntarily agreed to arrangements acceptable to Plaintiffs, it was unnecessary for Plaintiffs to effectuate serve of process with respect to those Defendants.

---

[1] By its March 7, 2011 Order, this Court amended its March 1, 2011 Expedited Discovery Order, permitting Plaintiffs to serve subpoenas for the production of documents and electronically stored information on certain third parties.

Nevertheless, the identity of the actor(s) central to the hacking — John Doe 1— has not, to date, been uncovered.  Plaintiffs have, for some time now, been cooperating with a law enforcement agency in its investigation of the Hacking, including its efforts to uncover the identity of John Doe 1.  Plaintiffs have also undertaken their own parallel investigation, including technical and other investigative efforts, in pursuit of the same effort.  As this Court is likely aware, such an investigation is inherently complex and extremely challenging, requiring significant capital, resources and time.  Plaintiffs understand, however, that any investigation, including the instant one, must come to a close at some point.

As Plaintiffs, and the law enforcement agency with which Plaintiffs have been working, have invested considerable time and effort in identifying John Doe 1, Plaintiffs request that they be afforded until the end of September 2011 to fully exhaust their investigative efforts or otherwise identify John Doe 1.  The Court has broad discretion in whether to dismiss the Action under N.D. Ga. Local Rule 41.2(B).  *See* L.R. N.D. Ga. 41.2(B) ("the court *may* . . . dismiss [an] action . . . ") (emphasis added); *see also* Fed. R. CIv. P. 4(m).  Plaintiffs request that this Court refrain from dismissing the Action in light of its current posture.  Plaintiffs will serve John Doe 1 with process as soon as reasonably possible if it is able to uncover the identity of John Doe 1.  Plaintiffs further submit to this Court, that if it

is not in a position to do so by September 30, 2011, it will voluntarily dismiss the action without prejudice.

Respectfully submitted this 2nd of August, 2011.

s/ D. Tennell Lockett
D. TENNELL LOCKETT
Georgia Bar No. 455547
tennell.lockett@townsendlockett.com

JOB J. MILFORT
Georgia Bar No. 515915
job.milfort@townsendlockett.com

TOWNSEND LOCKETT & MILFORT, LLC
1401 Peachtree Street
Atlanta, Georgia 30309
Telephone:(404) 870-8501
Fax: (404) 870-8502

Attorneys for Plaintiffs

## LR 7.1.D., NDGa CERTIFICATION

The undersigned counsel for Plaintiffs state and certify that the foregoing has been prepared with one of the font and point selections approved by the court in LR 5.1B.

/s/ Tennell Lockett
D. Tennell Lockett, Esq.
Georgia Bar No. 455547

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **GREGORY D. EVANS, LIGATT SECURITY INTERNATIONAL, INC., and SPOOFEM.COM USA INC.,** § § § § § § **Plaintiffs,** § § **vs.** § § **JOHN DOES 1-8,** § § **Defendants.** § | **CIVIL ACTION NO. 1:11-cv-00458-WSD** |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing *Plaintiffs' Response to the Court's July 19, 2011 Show Cause Order* was served upon John Doe Defendants at the following electronic mail and physical addresses:

ligattleaks@hushmail.com  
security@thetechherald.com  
pastebin@gmail.com  

F. Beau Howard  
Chamberlain, Hrdlicka, White, Williams & Martin, P.C.  
191 Peachtree Street, N.E.  
Thirty-Fourth Floor  
Atlanta, GA 30303  

This 2nd of August, 2011.

s/ Tennell Lockett  
D. Tennell Lockett